UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 02-22646-CIV-GOLD
MAGISTRATE JUDGE SORRENTINO

ELOY TOMAS FERNANDEZ,

    Plaintiff,

v.

ELADIO PAEZ,

    Defendant.

REPORT OF
MAGISTRATE JUDGE

FILED by MAG. SEC.
SEP 27 2002
CLARENCE MADDOX
CLERK, U.S. DIST. CT.
S.D. FLA. · MIAMI

    The plaintiff, Eloy Tomas Fernandez, currently confined in the Metro West Detention Center, has filed a <u>pro se</u> civil rights complaint pursuant to 42 U.S.C. §1983. [DE #1].

    The plaintiff, a pre-trial detainee in Miami-Dade County, alleges that Miami-Dade Police Officer Eladio Paez entered his home "without consent and fabricated documents to establish a case against" him. The plaintiff seeks an order excluding the unidentified evidence from his ongoing state criminal trial as being illegally obtained.

    The plaintiff has been granted leave to proceed <u>in forma pauperis</u>.

    For reasons discussed below, the complaint against the defendants is subject to dismissal.



On April 26, 1996, the Prison Litigation Reform Act of 1995 ("PLRA") was signed into law, modifying the requirements for proceeding <u>in forma pauperis</u> in federal courts. Under the April 26, 1996 enactments, 28 U.S.C. §1915 was amended. As amended, it reads in pertinent part, as follows:

> Sec. 1915 Proceedings in Forma Pauperis
>
> * * *
>
> (e)(2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that --
>
> * * *
>
> (B) the action or appeal --
>
> * * *
>
> (i) is frivolous or malicious;
>
> (ii) fails to state a claim on which relief may be granted...
>
> (iii) seeks monetary relief from a defendant who is immune from such relief.

This is a civil rights action pursuant to 42 U.S.C. §1983. Such actions require the deprivation of a federally protected right by a person acting under color of state law. <u>See</u> 42 U.S.C. §1983; <u>Polk County v. Dodson</u>, 454 U.S. 312 (1981); <u>Whitehorn v. Harrelson</u>, 758 F.2d 1416, 1419 (11 Cir. 1985).

Because the plaintiff's state criminal proceedings are still in progress, this Court cannot entertain this action because it is prohibited from interfering therein. See Younger v. Harris, 401 U.S. 37 (1971). Furthermore, because the plaintiff's claims challenge the constitutionality of a state criminal conviction, they are not cognizable in a civil rights case; a habeas corpus action is the proper vehicle for raising claims that may affect the fact or duration of a criminal defendant's confinement. Preiser v. Rodriguez, 411 U.S. 475, 488-490 (1973).

If a prisoner or detainee brings such claims in a civil rights action, the complaint must be dismissed unless and until the reason for the confinement has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus. Heck v. Humphrey, 512 U.S. 477, 486-487 (1994); Alvarez-Machain v. United States, 107 F.3d 696, 700-01 (9 Cir. 1996)(Heck applies to suits filed by pretrial detainees); Hamilton v. Lyons, 74 F.3d 99, 102-03 (5 Cir. 1996).

Because the plaintiff's confinement has not been remedied by any of the procedures listed in Heck, his claims are not cognizable under §1983 at this time.

3

It is therefore recommended that the complaint be dismissed pursuant to <u>Younger</u>, <u>Heck</u>, and 28 U.S.C. §1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted and that the case be closed.

Objections to this report may be filed with the District Judge within ten days of receipt of a copy of the report.

Dated: September 27, 2002

_____
UNITED STATES MAGISTRATE JUDGE

cc: Eloy Fernandez, <u>Pro Se</u>
    # 010002940
    Metro West Detention Center
    13850 NW 41st Street
    Miami, FL 33178